UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAYEL PEREZ-VALENCIA,<br><br>　　　　　Defendant. | No. CR 11-442 PA<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

　　　　Defendant Mayel Perez-Valencia was convicted following his conditional guilty plea to conspiracy to distribute methamphetamine in violation of Title 21 United States Code Section 841. Prior to entry of the plea, Perez-Valencia moved to suppress a state wiretap which culminated in the seizure of over 76 kilograms of actual methamphetamine from Perez-Valencia and his co-conspirators. Perez-Valencia contended that the application for the wiretap was not authorized by the "principal prosecuting attorney" of the state or the "principal prosecuting attorney" of any political subdivision of the state as required by Title 18, United States Code, Section 2516(2). After reviewing the submissions of the parties and hearing argument, this Court denied the motion to suppress.

　　　　An appeal followed and the Ninth Circuit Court of Appeals remanded this action for the limited purpose of developing a factual record of the authority of San Bernardino County

Case 2:11-cr-00442-PA   Document 655   Filed 12/06/13   Page 2 of 6   Page ID #:4396

Assistant District Attorney ("ADA") Dennis Christy to apply for a state wiretap in the absence of San Bernardino County District Attorney ("DA") Michael A. Ramos. Specifically, the Court of Appeals asked the following questions: (1) Did ADA Christy have all the powers of an acting district attorney or did he merely possess the limited authority to apply for state wiretaps; (2) What was DA Ramos' purpose in designating three people to act in his absence; (3) Did the memorandum give all three of the listed individuals simultaneously the power to apply for state wiretaps in DA Ramos' absence or was it a progressive, hierarchical designation of power, meaning that, at any given time, only one person on the list could exercise the powers of the district attorney and the others did not have any powers unless those above them in the hierarchy were absent and unavailable?

The Ninth Circuit additionally instructed this Court to address the Government's attenuation argument only if this Court invalidated the wiretap on the ground that ADA Christy lacked the authority to apply for it.

After reviewing and considering the supplemental declaration and testimony of DA Ramos, the evidence, and the submissions of the parties, the Court submits its Findings of Fact and Conclusions of Law:

1.    On March 30, 2010, government authorities obtained a state wiretap from a San Bernardino County Superior Court Judge. The state wiretap was obtained by application of San Bernardino County Assistant District Attorney ("ADA") Dennis Christy, who declared under penalty of perjury that "Michael Ramos is the District Attorney of San Bernardino County, and I am the person designated to act in his absence pursuant to Penal Code section 629.50(a)." The state court judge signed the order authorizing the March 30, 2010 wiretap, finding that "Dennis Christy, Assistant District Attorney, who is the designee of Michael Ramos, District Attorney for the County of San Bernardino, State of California, made application to this Court requesting authorization to intercept [wire and electronic communications]." The state court found that "The Assistant District Attorney, who is the designee of the District Attorney of San Bernardino County, State of California, is the applicant for this interception."

2. At all relevant times, the elected district attorney of San Bernardino County was Michael A. Ramos ("DA Ramos").

3. Beginning in mid-2003 through the relevant time period, during the absence of DA Ramos, it was the practice of the San Bernardino County District Attorney's Office ("SBCDA"), to delegate the duties of the District Attorney to the Assistant District Attorney ("ADA") for Criminal Operations, Dennis Christy. Specifically, ADA Christy would become the acting District Attorney in DA Ramos' absence. In the event that DA Ramos and ADA Christy were both absent, the ADA for Administration, James B. Hackleman, would assume the duties of acting DA. In the event that DA Ramos, ADA Christy and Hackleman were all absent, the Chief Deputy District Attorney for the Central Division, Clark Hansen, III, would assume the duties of acting DA.

4. On July 1, 2009, DA Ramos executed an internal office memorandum (the "Designation Memorandum") codifying this policy and practice. The Designation Memorandum designated three individuals to act in his absence, in the following order of succession: first, ADA Christy; second, Mr. Hackleman; and third, Mr. Hansen. These three individuals were to assume the position of acting DA in successive order, that is ADA Christy was to assume the duties of acting DA in DA Ramos' absence; ADA Hackleman was to assume the duties of the acting DA only in the absence of both DA Ramos and ADA Christy; and Mr. Hansen was to assume the duties of the acting DA only in the absence of DA Ramos, ADAs Christy and Hackleman. At no time was more than one person at the SBCDA office authorized to be the acting DA in DA Ramos' absence.

5. The purpose of the delegation of power was to provide a clear and linear chain of command within the office which could be accessed to provide guidance and policy making decisions to members of law enforcement and deputy district attorneys working within the office during the absence of the DA. Although the Designation Memorandum referenced California Penal Code § 629.50(a), the acting DA's authority to act in DA Ramos' absence was not limited to only applying for wiretap orders. The reference to
. . . .

6. Section 629.50(a) was to establish a written record of compliance with California state wiretap law.

7. ADA Christy's job description specifies that his duties include, but are not limited to "act for the District Attorney during absences" and to "make interim policy and procedural decisions in the absence of the District Attorney."

8. Except for certain non-exigent policy and procedural decisions, the acting DA assumes all the powers, duties, and responsibilities of the District Attorney. During the absence of the DA, he or she is fully empowered to act as the DA for any matters that might arise in the day to day operations of the office, including, but not limited to, making an application for a wiretap. There are certain policy and procedural decisions that can await the return of the DA that are not delegated by DA Ramos and are not made by the acting DA. Those decisions, which include whether to seek the death penalty in a capital case and personnel decisions in which an employee is to be terminated, are not of an exigent nature and are personally made by DA Ramos upon his return to the office. The SBCDA's process of determining whether to seek the death penalty is made by a committee comprised of DA Ramos and five assistant district attorneys and chief deputy district attorneys over a prolonged period of time. Death penalty committee meetings are schedule for when the DA is available.

9. DA Ramos was absent from the SBCDA office on March 29, 30 and 31, 2010 because he was in the hospital attending to his wife, who had undergone surgery for a serious health condition. While in the hospital, DA Ramos was not in communication with anyone from the office on March 29 and 30, 2010 during work hours. During that time, DA Ramos could not have exercised any of the duties of the district attorney due to his absence. On March 31, DA Ramos was involved in transitioning his wife from the hospital to their home and could not communicate with anyone from the office during business hours. DA Ramos does not recall communicating with anyone from the office on that day, but if he did speak to anyone from the office, it would have been after he and his wife returned home. Accordingly,

-4-

1  DA Ramos was absent from and unavailable to the SBCDA office for the entire period
2  of March 29, 2010 through March 31, 2010.

3     10.    While DA Ramos was absent and unavailable on March 29, 30, and 31,
4  2010, ADA Christy was the acting DA of San Bernardino County.  As acting DA,
5  ADA Christy assumed all the delegable powers, duties and responsibilities of the
6  District Attorney during that period.  Neither ADAs Hackleman or Hansen assumed the
7  duties of the acting DA during that time.

8     11.    On March 30, 2010, ADA Christy, while performing the duties of the
9  acting DA during DA Ramos' absence from the office, authorized the wiretap
10 application at issue in defendant Mayel Perez-Valencia's Motion to Suppress.  In the
11 wiretap application, ADA Christy invoked the language of the Designation
12 Memorandum and expressly stated that he was making the application as "the District
13 Attorney Designee" and that "Michael Ramos is the District Attorney of San
14 Bernardino County, and I am the person designated to act in his absence pursuant to
15 California Penal Code section 629.50(a)."

16     12.    DA Ramos' testimony concerning the delegation of power in the SBCDA
17 office in the event of his absence was credible and consistent with the evidence before
18 the Court.

19     13.    Accordingly, the Court finds that on March 30, 2010, no one other than
20 ADA Christy was authorized to apply for wiretaps pursuant to Section 629.50(a).  Nor
21 was any other person authorized to exercise any of the responsibilities and duties of the
22 District Attorney during DA Ramos' absence.  The Court therefore finds that at that
23 time, ADA Christy had all the powers of an acting district attorney.

24     14.    The Court additionally concludes that ADA Christy was duly acting as
25 "the" "principal prosecuting attorney" of San Bernardino County for all purposes
26 within the meaning of 18 U.S.C. § 2516(2) and California Penal Code section 629.50
27 when he authorized the wiretap application at issue in this case.

28 . . . .

15. For all of the foregoing reasons, the Court does not invalidate the wiretap on the ground that ADA Christy lacked the authority to apply for it. As a result, the Court does not address the Government's attenuation argument.

DATED: December 6, 2013

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE